```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF INDIANA
                        FORT WAYNE DIVISION
```

MICHAEL TARNECY,              )
                              )
    Plaintiff,                )
                              )
vs.                           )    CAUSE NO. 1:16-CV-121
                              )
JAMIE BAUGHMAN,               )
                              )
    Defendant.                )

## OPINION AND ORDER

This matter is before the Court on the Complaint under 42 U.S.C. § 1983, filed by Michael Tarnecy, a *pro se* prisoner, on April 7, 2016. (DE #1.) For the reasons set forth below, the court **DISMISSES** the action **WITHOUT PREJUDICE**.

BACKGROUND

Tarnecy is an inmate at the Jay County Security Center ("Jay County"). On October 3, 2015, he was arrested by Jamie Baughman, a detective with the Jay County Drug Task Force. Upon searching Tarnecy, Officer Baughman found and confiscated drugs and drug-related paraphernalia. Officer Baughman also took $750 that Tarnecy earned working at Sawyer Drywall. Tarnecy brings a claim against Officer Baughman for the return of his $750.

DISCUSSION

The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for

relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Tarnecy has no constitutional claim for having his money taken by Officer Baughman.[1] To the extent he claims the defendant took his money and never returned it, he would have to pursue state remedies. Though the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," a state tort claims act that

---

[1] Notably, Tarnecy does not suggest that the search of his vehicle was unconstitutional.

2

provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Indiana's tort claims act (INDIANA CODE § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Thus, the property loss claim will be dismissed without prejudice so that he can pursue it in state court.

CONCLUSION

For the reasons set forth above, the court **DISMISSES** the action **WITHOUT PREJUDICE**.

**DATED: November 21, 2016** /s/ RUDY LOZANO, Judge
**United States District Court**